IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DIANE JOHNSON and WANDA HOPKINS,**         **PLAINTIFFS,**

**VS.**                                      **CIVIL ACTION NO. 4:05CV172-P-A**

**COLDWELL REAL ESTATE CORPORATION,**
**ET AL.,**                                  **DEFENDANTS.**

## ORDER

This matter comes before the court upon Defendant National City Bank, N.A.'s Motion to Compel Arbitration and for Stay, or in the Alternative, for Partial Summary Judgment [78-1]. After due consideration of the motion, the court finds as follows, to-wit:

National City Bank filed the instant motion on February 28, 2006. The plaintiffs' response was due on March 17, 2006. No response was filed. Therefore, it is undisputed that both plaintiffs signed an Arbitration Agreement with National City Bank on August 31, 2000 in connection with their loan agreement secured by real estate located at 107 Sycamore, Greenwood, Mississippi. This agreement states that resolution of "any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement." A "dispute" is defined in the Agreement as "any claim, controversy, disagreement or lawsuit of any nature whatsoever arising out of or in any way related to the loan ...."

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt*

1

*Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even a illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

The court concludes that the motion to compel arbitration should be granted. However, rather than stay the instant proceedings pending the outcome of arbitration as requested by the defendant, the court concludes that the plaintiffs' claims against National City Bank's should be dismissed without prejudice. This is appropriate given that all of the plaintiffs' claims in this action against National City Bank are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant National City Bank, N.A.'s Motion to Compel Arbitration and for Stay, or in the Alternative, for Partial Summary Judgment [78-1] is **GRANTED** insofar as

(2) All of the plaintiffs' claims against National City Bank, N.A. are **COMPELLED TO ARBITRATION**; and

(3) The plaintiffs' claims in this action against National City Bank, N.A. are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 18th day of August, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE