**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DIANE JOHNSON and WANDA HOPKINS,**                            **PLAINTIFFS,**

**VS.**                                                    **CIVIL ACTION NO. 4:05CV172-P-A**

**COLDWELL BANKER REAL ESTATE
CORPORATION; COLDWELL BANKER
GREENWOOD-LEFLORE REALTY, INC.;
JIM PRUETT; LINDA PRUETT; BANK
OF COMMERCE; TERRY GREEN;
STATE BANK & TRUST COMPANY; AND
THE PROVIDENT BANK f/k/a NATIONAL
CITY BANK, N.A.,**                                                                   **DEFENDANTS.**

## ORDER

These matters come before the court upon Defendant State Bank & Trust Company's Motion to Compel Arbitration [158-1], Defendants Bank of Commerce and Terry Green's joinder therein [165-1], and the court's *sua sponte* consideration of its August 18, 2006 Order dismissing the plaintiffs' claims against Defendant The Provident Bank f/k/a National City Bank, N.A. After due consideration of the motions and the responses thereto, the court finds as follows, to-wit:

It is undisputed that each of the plaintiffs signed an arbitration agreement on August 31, 2000 in connection with their mortgage loan with The Provident Bank f/k/a National City Bank, N.A. ("National"). In said agreement, the parties agreed that "you and we agree that any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement." However, the agreement also states: "This Agreement is effective and binding on both you and your heirs, successors and assigns and us *when it is signed by both parties*." (emphasis added). No representative of National signed the subject agreement. The only signatures thereon are those of Diane Johnson and Wanda Hopkins. Therefore, the arbitration agreement is ineffective.

As a consequence of this realization, the court on its own motion vacates its August 18, 2006 Order dismissing the plaintiffs' claims against Defendant The Provident Bank f/k/a National City Bank, N.A. without prejudice and compelling those claims to arbitration. Since there is no valid and effective arbitration agreement between National and the plaintiffs, State Bank & Trust has no basis upon which to assert their arguments pursuant to *Grigson v. Creative Artists, LLC*, 210 F.3d 524, 527 (5th Cir. 2000). Although "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration," *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476 (1989), the terms of the subject agreement unambiguously require signatures of both parties and both parties did not comply with that provision.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The court's August 18, 2006 Order dismissing the plaintiffs' claims against Defendant The Provident Bank f/k/a National City Bank, N.A. without prejudice and compelling those claims to arbitration is hereby **VACATED**; and

(2) Defendant State Bank & Trust Company's Motion to Compel Arbitration [158-1] is **DENIED**; therefore,

(3) All of the plaintiffs' claims against all defendants remain.

**SO ORDERED** this the 22nd day of March, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE