# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DIANNE JOHNSON AND WANDA
HOPKINS,                                                                              PLAINTIFFS,

VS.                                                           CIVIL ACTION NO. 4:05CV172-P-A

COLDWELL BANKER REAL ESTATE
CORP., ET AL.,                                                                    DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' Objection to Magistrate Judge Alexander's November 21, 2007 Order Granting Plaintiffs' Motion for Reconsideration [295]. After due consideration of the Objection and the responses filed thereto, as well as the original Order and motions, the court finds as follows, to-wit:

Pursuant to Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a U.S. Magistrate Judge's] order within 10 days after being served with a copy. ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

On September 18, 2007 the plaintiffs filed a motion to extend the deadline to designate experts. On September 19, 2007 the plaintiffs filed a motion to extend the discovery deadline. On September 21, 2007 the Magistrate Judge entered her Order denying these motions, quoting language from an Order previously entered in the case, including "Counsel are reminded that these deadlines may not be extended at all, even by a minuscule amount of time. The deadlines are firm."

On October 1, 2007 the plaintiffs filed a motion to reconsider this Order, pointing out that the first two cases set for trial in this multi-case action, *Haggie* and *Pilcher*, were dismissed, leaving

1

a year until the first scheduled trial on October 20, 2008. Accordingly, the plaintiffs argued there was plenty of time to allow an extension of the discovery and expert designation deadlines.

On November 21, 2007 the Magistrate Judge entered an Order after holding a status conference which, among other things, granted the plaintiffs' motion to reconsider her September 21, 2007 Order denying their request for an extension of the deadlines. In this Order, the Magistrate Judge cited Fed. R. Civ. P. 16(b) and its "good cause" standard as set out in *Reliance Insurance Company v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (In determining whether "good cause" to extend deadlines exist, the court must consider the following factors: "(1) the explanation for the failure to [designate experts witnesses on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."). The court considered the four factors and concluded that although the "plaintiffs have provided no legitimate explanation for their failure to designate experts" other than being overwhelmed by the mammoth discovery involved in this multi-case litigation, the last three factors weighed in favor of extending the deadlines. With regard to the importance of the testimony factor, the court concluded that "expert witnesses are critical to the plaintiff's cases." As to the potential prejudice factor, the court concluded that the defendants would not be unfairly prejudiced since the first two cases set for trial have been dismissed leaving over ten months before the first case will go to trial. As to the availability of a continuance factor, the court concluded that a continuance was not necessary to cure the prejudice given the amount of time now available before the first trial.

In their Objection, the defendants argue that the Magistrate Judge used the wrong legal standard in considering the plaintiffs' motion to reconsider because she explicitly used Rule 16(b)'s "good cause" standard rather than the reconsideration standard which is to correct manifest errors

of law or fact or to prevent newly discovered evidence. This argument is without merit. Logically, ruling on a motion to reconsider an order denying a motion to extend a deadline would require consulting whether there was a manifest error of law in the application of Rule 16(b)'s "good cause" standard.

The defendants also argue in their Objection that even if the court used the proper legal standard, the Magistrate Judge erred in concluding that the plaintiffs had demonstrated "good cause" since the court explicitly stated that the plaintiffs failed to demonstrate a legitimate reason for their failure to designate experts pursuant to the first factor in the *Reliance* "good cause" test." This argument is also without merit. First, the statement that the "plaintiffs have provided no legitimate explanation for their failure to designate experts," does not exist in a vacuum. In the context of this case, as seen in the Magistrate Judge's prior rulings in these cases, it is clear that she has tried to treat plaintiffs' counsel – two attorneys representing over 150 plaintiffs in this litigation – with a small measure of lenience given their limited resources when compared to those of defense counsel, yet still expecting the plaintiffs to follow the rules and admonishing plaintiff counsel that they are responsible for ensuring that they acquire the necessary resources to comply with the court's Orders. Second, the defendants in their Objection ignore the court's findings regarding the other three elements in the *Reliance* test – all of which weighed in favor of granting the extensions.

Having considered the Magistrate Judge's November 21, 2007 Order and the underlying circumstances, this court does not find the ruling clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT** Defendants' Objection to Magistrate Judge Alexander's November 21, 2007 Order Granting Plaintiffs' Motion for Reconsideration [295] is **OVERRULED**.

**SO ORDERED** this the 15th day of January, A.D., 2008.


                                                /s/ W. Allen Pepper, Jr.
                                                W. ALLEN PEPPER, JR.
                                                UNITED STATES DISTRICT JUDGE